UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CORY PEARSON,

Plaintiff,

v.

MICHELLE LAJOY-YOUNG et al.,

Defendants.

Case No. 1:26-cv-2139

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (Compl., ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated in the Kent County Correctional Facility. The events about which he complains occurred at that facility. Plaintiff sues Michelle LaJoy-Young, Health Care Professional Dr. Amber Malik, and Specialist Dr. Unknown Lucy of McAuley Clinic. (Compl., ECF No. 1, PageID.2.)

Plaintiff alleges that he was diagnosed as HIV-positive while in prison in 2018. (*Id.*, PageID.3.) Plaintiff was originally placed on Tivicay for treatment; however, after Plaintiff

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

informed the non-party prison doctor that Tivicay was making him sick, the prison doctor prescribed Plaintiff Biktarvy. (*Id.*) Plaintiff was paroled in 2019 and began seeing Defendant Lucy, who continued to prescribe Biktarvy for treatment of Plaintiff's HIV infection through 2025. (*Id.*)

In July 2025, while Plaintiff was incarcerated in the Kent County Correctional Facility, Defendant Malik and "her team" told Plaintiff that they could no longer provide Plaintiff with Biktarvy and were planning to provide Plaintiff with Tivicay. (*Id.*) Plaintiff told Defendant Malik that Tivicay made him sick, so Defendant Malik contacted Defendant Lucy, Plaintiff's specialist. (*Id.*) Defendant Lucy told Defendant Malik that Plaintiff would be "just fin[e]" if Defendant Malik provided Plaintiff with a snack with his medication. (*Id.*)

After taking Tivicay, Plaintiff was seen by Defendant Lucy. (*Id.*, PageID.4.) Defendant Lucy told Plaintiff that his "labs look[ed] good" but that there was "something with [Plaintiff's] kidney" that was "nothing to worry about." (*Id.*) However, on May 2, 2026, after Plaintiff's next check-up and labs, a non-party nurse told Plaintiff that something was wrong with Plaintiff's kidney and that he would be immediately taken off Tivicay and put back on Biktarvy. (*Id.*) Plaintiff was without his HIV medication for seven and a half days before he again began receiving Biktarvy. (*Id.*) When Defendant Malik again checked Plaintiff's kidney function, it had improved. (*Id.*)

Based on the foregoing allegations, Plaintiff seeks monetary relief. (*Id.*, PageID.5.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### A. Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

#### 1. Claims against Defendant LaJoy-Young

Plaintiff lists Defendant LaJoy-Young in his list of parties but does not mention Defendant LaJoy-Young within the factual allegations of his complaint or otherwise identify any actions that may be attributed to this Defendant.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, 904 F.2d 708 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Plaintiff does not set forth any factual allegations to describe what Defendant LaJoy-Young personally did to violate Plaintiff's constitutional rights. Thus, Plaintiff's claims against Defendant LaJoy-Young fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

### 2. Defendant Lucy

Plaintiff alleges that Defendant Lucy, a medical doctor employed at the "McAuley Clinic," (Compl., ECF No. 1, PageID.2), failed to provide him with adequate medical care. However, as described above, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West*, 487 U.S. at 48; *Street*, 102 F.3d at 814. Plaintiff has not alleged facts that would plausibly suggest that Defendant Lucy acted under color of law.

A private doctor does not become a state actor merely because he treats a prisoner. *Scott v. Ambani*, 577 F.3d 642, 649 (6th Cir. 2009). Instead, the standard for determining whether a doctor treating a prisoner acted under color of state law for purposes of a section 1983 claim focuses on "the relationship among the State, the physician and the prisoner." *Id.* (quoting *West*, 487 U.S. at 55–56).

Here, Plaintiff merely alleges that Defendant Lucy is a private medical doctor who works outside of the Kent County Correctional Facility and who provided specialty treatment for Plaintiff's HIV-positive condition. Plaintiff does not allege that Defendant Lucy was a Kent County Correctional Facility official, that he was a government employee, or that he had a contract with the State or County. Plaintiff also does not allege that anyone within the Correctional Facility compelled the actions of or had any role in the care provided by Defendant Lucy. The fact that Defendant Lucy treated Plaintiff at the Kent County Correctional Facility's request or that the State or County paid Defendant Lucy for healthcare services does not render Defendant Lucy a state actor for purposes of section 1983. *See Scott*, 577 F.3d at 649; *Raper v. Cotroneo*, No. 1:17-cv-368, 2017 WL 4173507, at *3 (W.D. Mich. Sept. 21, 2017) ("The fact that Defendant Cotroneo may have been paid from public resources does not render him a state actor for purposes of § 1983." (citing *See Rendell–Baker v. Kohn*, 457 U.S. 830, 840 (1982))); *Ketola v. Clearwater*,

No. 1:08-cv-31, 2008 WL 4820499 at *2–3 (W.D. Mich. Oct. 31, 2008) (holding that, even if the defendant hospital and its physician "treated [the prisoner plaintiff] at the state's request and expense, they did not thereby become state actors").

The lack any factual allegations that would suggest that Defendant Lucy acted under color of law warrants dismissal. *See Thomas v. Garner*, No. 1:18-cv-48, 2018 WL 4384587, at *3 (M.D. Tenn. Sept. 13, 2018) ("Because Plaintiff fails to allege that Dr. McKnight had any particular function in the state system, he was not acting under color of state law and Plaintiff fails to state a claim against him."); *Raper*, 2017 WL 4173507, at *3 (holding that the plaintiff-prisoner's failure to allege anything more than that the defendant surgeon performed surgery poorly on the plaintiff's leg warranted dismissal because the doctor could not be considered a state actor). Therefore, the Court will dismiss Plaintiff's section 1983 claims against Defendant Lucy.

**3. Defendant Malik**

Plaintiff alleges that Defendant Malik switched Plaintiff's HIV treatment from Biktarvy to Tivicay after consulting with Defendant Lucy, Plaintiff's specialist, despite Plaintiff's statement that Biktarvy made him "sick." (Compl., ECF No. 1, PageID.3.)[2] The Court will construe

[2] Plaintiff also alleges that he was without his HIV treatment medication for seven and a half days. (Compl., ECF No. 1, PageID.4.) However, Plaintiff does not allege any facts that would suggest that any named Defendant was personally responsible for the seven-and-a-half-day delay in treatment. As with any section 1983 claim, "each [g]overnment official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Here, because Plaintiff's complaint fails to plausibly suggest that any named Defendant was personally responsible for the delay in providing Plaintiff with his medication, any such claim will be dismissed

Plaintiff's allegations as raising a section 1983 claim against Defendant Malik for inadequate medical care.

The Constitution is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).[3] A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008).

---

[3] Plaintiff is a parolee held under custody of the Kent County Correctional Facility. *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=755056 (last visited Nov. 4, 2026). Courts are split on whether an individual being held for a suspected parole or probation violation is to be treated as a pretrial detainee or a convicted prisoner. *See Green v. Taylor*, 1:22-cv-1007, 2023 WL 415502, at *4 (W.D. Mich. Jan. 26, 2023) ("The issue of whether a person confined during the pendency of probation violation proceedings should be treated as a pretrial detainee or a convicted prisoner for purposes of a constitutional challenge to jail conditions is an issue upon which courts have differed.") (collecting cases). In *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Supreme Court differentiated the standard for excessive force claims brought by pretrial detainees under the Fourteenth Amendment's Due Process Clause from those brought by convicted prisoners under the Eighth Amendment. *Id.* at 392–93. *Kingsley* left unanswered the question of "whether an objective standard applies in other Fourteenth Amendment pretrial detainment context[s]." *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 592 (6th Cir. 2021). The Sixth Circuit recently confirmed that "*Farmer v. Brennan*'s subjective standard properly governs deliberate-indifference cases brought under the Fourteenth Amendment as well." *Poynter by & through Fernandez v. Shirley*, 191 F.4th 745, 767 (6th Cir. 2026). Therefore, the Court will apply the same standard regardless of whether Petitioner is treated as a pretrial detainee or convicted prisoner.

Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g., Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need that "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty*., 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted), *abrogation on other grounds recognized by Lawler as next friend of Lawler v. Hardeman Cnty., Tenn.*, 93 F.4th 919 (6th Cir. 2024).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence. . . : A jury is entitled to 'conclude that a prison

official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted).

Here, Plaintiff alleges that Defendant Malik considered Plaintiff's statement that Biktarvy made him "sick," and made the decision to switch Plaintiff's medication only after consulting with Plaintiff's "specialist." (Compl., ECF No. 1, PageID.2, 3.) Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). This is not a situation where Defendant Malik failed to give Plaintiff medical treatment; Plaintiff's dispute is with the adequacy of the treatment. And here, the Court does not see anything unreasonable, let alone reckless or deliberately indifferent in Defendant Malik's decision to follow the instructions of Plaintiff's HIV treatment specialist in providing Plaintiff with a different medication. Accordingly, the Court will dismiss Plaintiff's claims against Defendant Malik for failure to state a claim.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and

1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the full appellate filing fee pursuant to section 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of section 1915(g). If he is barred, he will be required to pay the full appellate filing fee in one lump sum.

A judgment consistent with this opinion will be entered.

Dated: November 12, 2026

/s/ Sally J. Berens
SALLY J. BERENS
United States Magistrate Judge